**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**JAMES HARVEY**                                                                                          **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 5:12CV-P94-R**

**CHRISTIAN COUNTY JAIL OFFICERS**                                                **DEFENDANTS**

**MEMORANDUM OPINION**

      Plaintiff commenced this action by filing a handwritten letter in which he requested the Court's help with matters he alleged were occurring at his place of incarceration. It appeared that Plaintiff was attempting to commence an action regarding what he perceived to be violations of his constitutional rights by prison officials. By Order entered July 19, 2012, the Court ordered Plaintiff to resubmit his complaint using a Court-supplied form, to pay the filing fee or file an application to proceed without prepayment of fees, and to submit a completed summons form for each Defendant named in his complaint (DN 3). Plaintiff was given thirty days to comply. He was warned that failure to comply with any part of the Order may result in dismissal of this action. Over thirty days have passed with Plaintiff not having filed a response to the Court's Order.

      Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Although federal courts afford *pro se* litigants some

leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency for failure to comply with court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Jourdan*, 951 F.2d at 110.

Because Plaintiff failed to comply with the Court's Order (DN 3) and has failed to take any action subsequent to sending the original letter which initiated this case, the Court concludes that he has abandoned any interest in prosecuting this action.

Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
4413.003